Salvador VARGAS TREJO;  Graciela
Palacios Soto, Petitioners,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 08–73146.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 22, 2010.

Fabian C. Serrato, Serrato Law Firm,
Santa Ana, CA, for Petitioners.

Chief Counsel Ice, Office of the Chief
Counsel Department of Homeland Securi-
ty, San Francisco, CA, Nehal Kamani,
DOJ—U.S. Department of Justice Civil
Division/Office of Immigration Litigation,
Washington, DC, for Respondent.

Before: SILVERMAN, CALLAHAN,
and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Salvador Vargas Trejo and Graciela Pa-
lacios Soto, husband and wife and natives
and citizens of Mexico, petition for review
of the Board of Immigration Appeals'
("BIA") order denying their motion to re-
open based on ineffective assistance of
counsel.  Our jurisdiction is governed by 8
U.S.C. § 1252.  We review for abuse of
discretion the denial of a motion to reopen,
and de novo claims of due process viola-
tions in immigration proceedings, including
claims of ineffective assistance of counsel.
*Mohammed v. Gonzales,* 400 F.3d 785,
791–92 (9th Cir.2005).  We deny in part
and dismiss in part the petition for review.

---

* The panel unanimously concludes this case is
  suitable for decision without oral argument.
  *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
   cation and is not precedent except as provid-
   ed by 9th Cir. R. 36–3.

■ We agree with the BIA's conclusion that petitioners failed to establish that former counsel's performance resulted in prejudice, and thus their claim of ineffective assistance of counsel fails. *Id.* at 793–94 (to demonstrate prejudice, alien must establish that counsel's performance may have affected the outcome of the proceedings).

■ We lack jurisdiction to review petitioners' contention that former counsel and unnamed notaries defrauded them by filing fruitless motions before the agency because petitioners failed to raise that issue before the BIA and thereby failed to exhaust their administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**